**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Ghassan Haj-Hamed, | ) | CASE NO.: 4:09CV2668 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Warden Roddie Rushing, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Motion by Plaintiff Ghassan Haj-Hamed for a Temporary Restraining Order and Preliminary Injunction. The Court has been advised, having reviewed the motion, response, and supporting affidavits. For the reasons that follow, the motion is DENIED AS MOOT.

**I.    Facts**

Haj-Hamed has been incarcerated at Northeast Ohio Corrections Center since June 17, 2008. On January 26, 2009, Haj-Hamed was placed in Administrative Segregation for his own protection. Haj-Hamed remained in segregation at the time this complaint was filed. In the complaint, Haj-Hamed alleged that his continued segregation was unjustified and that he was being deprived of his religious rights, including access to religious texts, the opportunity to participate in religious observances, and access to a religious diet.

Based upon the allegations in the complaint, Haj-Hamed sought a temporary restraining order and a preliminary injunction on November 13, 2009, seeking to prohibit Defendants from the following:

I. Continuing to imprison Dr. Ghassan Haj-Hamed in solitary confinement.

>   II. Continu[ing] to deny Dr. Ghassan Haj-Hamed his federally protected rights to religious texts, observances and diet.

Doc. 3 at 3.   Defendants responded in opposition on November 20, 2009.   The opposition contains an affidavit from an Executive Assistant at the prison, Jillian Shane.  Shane's affidavit indicates that Haj-Hamed was released from administrative segregation on November 16, 2009.   Shane states that this release occurred prior to Defendants receiving notice of this lawsuit and motion.  Shane also indicates that since Haj-Hamed has been returned to general population, he now has access to religious texts and observances and that a religious diet is available if the proper request is made.  Haj-Hamed has not filed a reply a brief to refute Shane's affidavit.

## II.     Law and Analysis

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir.1995)).   This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction.  See *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir.1998).

This Court, however, need not analyze the factors set forth above.  The alleged deprivation of Haj-Hamed's rights stemmed from his administrative segregation. Haj-Hamed was removed from that segregation after the filing of the pending motion.

The evidence before the Court indicates that any alleged deprivation of Haj-Hamed's religious rights also ended when his administrative segregation period ended. The Court, therefore, can issue no order that would afford relief to Haj-Hamed. As such, the pending motion is MOOT.

With respect to Haj-Hamed's confinement in administrative segregation, there can be no question about the mootness of the motion. As it relates to his religious rights, the sole evidence before the Court, Shane's affidavit, indicates that the deprivation is no longer ongoing. Thus, that issue is also moot. In the event that Haj-Hamed finds that his religious rights are still being denied after his release from segregation, the appropriate motion may be re-filed.

The motion for a temporary restraining order is hereby DENIED AS MOOT.


Date: December 4, 2009          _____/s/ Judge John R. Adams_____
                                                     JUDGE JOHN R. ADAMS
                                                     UNITED STATES DISTRICT COURT