UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GHASSAN HAJ-HAMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 4: 09 CV 2668 |
| vs. ) | |
| ) | JUDGE JOHN R. ADAMS |
| RODDIE RUSHING, Warden; ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA; JOHN D. FERGUSON; ) | |
| DONNA M. ALVARADO; WILLIAM F. ) | |
| ANDREWS; LUCIUS E. BURCH, III; ) | |
| JOHN D. CORRENTI; DENNIS W. ) | |
| DE CONCINI; JOHN R. HORNE; ) | |
| C. MICHAEL JACOBI; THURGOOD ) | **MEMORANDUM OF OPINION** |
| MARSHALL, JR.; CHARLES L. ) | **AND ORDER** |
| OVERBY; JOHN R. PRANN, JR.; ) | [Resolving Doc. 26] |
| JOSEPH V. RUSSELL; and ) | |
| HENRI L. WEDELL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This federal civil rights action is before the Court upon Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment as to Exhaustion of Administrative Remedies. (Doc. 26.) The motion is fully briefed and ready for decision. For the reasons stated below, Defendants' motion for summary judgment is granted.

**I. Background**

Plaintiff Ghassan Haj-Hamed is a prisoner confined in the Northeast Ohio Correctional Center (NEOCC), an entity which houses federal prisoners. (Am. Complt. ¶ 7, 8.) He filed this action seeking injunctive relief and monetary damages based on alleged unconstitutional misconduct by the NEOCC warden and all members of the board of directors of Corrections

1

Center Corporation of America, a private entity that operates NEOCC.

Specifically, Plaintiff alleges that on or about January 26, 2009, he was placed in "Administrative Detention" at NEOCC for alleged threats made against him and because Warden Rushing accused him of acting inappropriately during a social visit.  (*Id.*, ¶¶ 4, 5.) Plaintiff was allegedly held in solitary confinement until November 16, 2009, three days after this action was filed, without due process of law and was repeatedly denied any transfer or other relief.  (*Id.*, ¶7.)  Count I alleges Defendants jointly and severally violated Plaintiff's federal constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), including his First Amendment rights to the free exercise of his religion, his Fifth and Fourteenth Amendment rights to procedural and substantive due process and to equal protection of the laws, and his Eighth Amendment right proscribing cruel and unusual punishment.  Count II alleges Defendants deprived Plaintiff of religious materials while holding Plaintiff in administrative segregation, thereby violating his rights under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb, *et seq.*, the Free Exercise Clause of the First Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*.  Count III alleges a state-law claim of negligent misconduct for failure to provide adequate training and supervision to the prison staff. Count IV alleges a state-law claim for negligent hiring, retention and failure to discipline employees.

Defendants make a number of arguments in support of dismissal of Plaintiff's alleged claims, and portions of Plaintiff's alleged claims, pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, Defendants contend they are entitled to summary judgment on Plaintiff's claims

because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").  Defendants' motion for summary judgment is well-taken.

### II. Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the court an absence of evidence supporting the nonmoving party's case but that party need not support its motion with affidavits or other materials negating the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000).  Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A moving party with the burden of proof who seeks summary judgment faces a "substantially higher hurdle."  *Green v. Tudor*, 685 F. Supp.2d 678, 685 (W.D. Mich. 2010), quoting *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  "[W]here the moving party has the burden- the plaintiff on a claim for relief or the defendant on an affirmative defense– his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free

to disbelieve it." *Arnett*, 281 F.3d at 561. "Accordingly, summary judgment in favor of the party with the burden of persuasion 'is inappropriate when the evidence is susceptible to different interpretations or inferences by the trier of fact.'" *Green v. Tudor*, 685 F. Supp.2d at 685, quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III. Analysis

In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that exhaustion under the PLRA is an affirmative defense and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints. Therefore, the heightened summary judgment standard set out above applies to Defendants' motion for summary judgment based on the affirmative defense that Plaintiff failed to exhaust.

The PLRA requires inmates to exhaust administrative remedies before bringing suit: Under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with "the applicable procedural rules," rules that are defined by the prison grievance process. *Jones v. Bock*, 549 U.S. at. 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009), quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

In their motion for summary judgment, Defendants assert that Plaintiff had administrative

remedies available to him regarding all of his federal claims arising at NEOCC but failed to exhaust them. In support of this position, Defendants submit the affidavit of Jillian Shane, Executive Assistant and Facility Grievance Officer at NEOCC. Shane outlines NEOCC's grievance procedures and states that Plaintiff failed to submit a single Informal Resolution or Formal Grievance in accordance with NEOCC's grievance policy regarding his placement in protective custody and his inability to practice his religion. *See* Shane Aff., ¶¶ 13-17; 19-24. Defendants' evidence satisfies their burden of demonstrating that Plaintiff did not properly exhaust administrative remedies before filing his federal claims.

Plaintiff does not dispute Shane's affidavit or assert that he properly exhausted his complaints in accordance with prison procedures prior to bringing this suit. Instead, Plaintiff argues that Defendants waived exhaustion as an affirmative defense because Defendants did not raise Plaintiff's failure to exhaust in opposing Plaintiff's initial motion for a temporary restraining order. (Defendant argued that Plaintiff's request for relief was moot given that Plaintiff had been removed from administrative segregation.) Plaintiff also argues he need not exhaust his administrative remedies because full exhaustion would be futile, he suffered irreparable harm, and he presents a colorable constitutional claim.

Plaintiff's arguments are not persuasive. Plaintiff's cases do not show that a defendant waives the non-jurisdictional defense of failure to exhaust administrative remedies under the PLRA when he fails to raise the defense in response to a preliminary motion under Fed. R. Civ. P. 65. Further, Plaintiff makes no attempt to support his other stated reasons for noncompliance with the PLRA's exhaustion requirement.

In sum, the materials before the Court unequivocally demonstrate that Plaintiff did not

5

properly exhaust his federal claims before filing suit, and Plaintiff has not demonstrated that exhaustion is excused.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's federal claims on the basis that Plaintiff failed to exhaust administrative remedies.

Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009).  There is no basis to depart from this general rule here, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

### IV. Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment is granted as to Plaintiff's federal claims.  The Court declines to exercise supplemental jurisdiction over Plaintiff's supplemental state-law claims; the state-law claims are hereby dismissed without prejudice.

IT IS SO ORDERED.

Date: July 2, 2010                    */s/ John R. Adams*
                                                              JOHN R. ADAMS
                                                              United States District Judge